# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| WILDEARTH GUARDIANS, ) <br> ) <br> Plaintiff-Appellee, ) <br> ) <br> v. ) <br> ) <br> U.S. OFFICE OF SURFACE MINING ) <br> RECLAMATION AND ENFORCEMENT ) <br> *et al.*, ) <br> ) <br> Defendants, ) <br> ) <br> COLOWYO COAL CO., LLP, ) <br> TRAPPER MINING, INC ) <br> ) <br> Intervenor-Defendant-Appellants. ) | Case No. 15-1186 <br> Case No. 15-1236 <br> (consolidated) |

## APPELLEE WILDEARTH GUARDIANS' RESPONSE

## INTRODUCTION

This Court issued a July 10, 2015 Order asking the parties in the consolidated appeals to file responses discussing the basis for this Court to exercise jurisdiction over the consolidated appeals. Specifically, the Court asked the parties to address: (1) the finality of the district court's May 8, 2015 Order and Judgment; (2) applicability of the administrative-remand rule; and (3) Trapper's July 1, 2015 pleading withdrawing Trapper's mootness defense. As explained below, this Court does not have appellate jurisdiction over either appeal at this time under the well-

established "administrative-remand rule." Because the district court remanded Federal Defendants'[1] decisions to the agency for a new decision-making process, the district court's order is not final and is therefore not appealable.

## RESPONSE

I. **Because the District Court's Order is not Final, the Administrative Remand Rule Divests This Court of Jurisdiction**

   A. **The Administrative-Remand Rule Applies to Both Appeals.**

In this Circuit, "[i]t is black letter law that a district court's remand order is not normally 'final' for purposes of appeal under 28 U.S.C. § 1291."[2] *W. Energy Alliance v. Salazar*, 709 F.3d 1040, 1047 (10th Cir. 2013) (quoting *N.C. Fisheries Ass'n v. Gutierrez*, 550 F.3d 16, 19 (D.C. Cir. 2008)). This is because rather than fully resolving the dispute, a remand order "simply turns it back for further proceedings by the agency, after which it may well return [to court] again." *American Haw. Cruises v. Skinner*, 893 F.2d 1400, 1403 (D.C. Cir. 1990). Consequently, remand orders generally cannot be appealed. *Southern Utah Wilderness Alliance v. Kempthorne*, 525 F.3d 966, 970 (10th Cir. 2008); *see also Trout Unlimited v. U.S. Dept. of Agric.*, 441 F.3d 1214, 1218 (10th Cir. 2006)

---

[1] Federal Defendants include U.S. Office of Surface Mining Reclamation and Enforcement ("OSM"), OSM's Western Regional Director Al Klein, and Secretary of the Interior Sally Jewell. There are referred to collectively here as OSM.

[2] A decision is "final" if it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment. *SEC v. Merrill Scott & Assocs.*, 600 F.3d 1262, 1270 (10th Cir. 2010).

(accord); 15B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3914.32, at text acc. n.s 11 & 12. (2008 ed.) ("The general rule is that a remand is not appealable as a final decision, even if the court of appeals fears that the remand was ill-advised.").

This general rule is known as the "administrative-remand rule." *See SUWA v. Kempthorne*, 525 F.3d at 970. Its purpose is to prevent "piecemeal review" of agency action. *Bender v. Clark*, 744 F.2d 1424, 1426 (10th Cir. 1984). Application of the administrative-remand rule is particularly appropriate for these appeals because OSM's decisions with respect to mining plan approvals are adjudicative. This Court has recognized that a true "remand" subject to the rule is more likely where the administrative action is adjudicative as opposed to legislative. *See New Mexico ex rel. Richardson v. BLM*, 565 F.3d 683, 697-98 (10th Cir. 2009). The Court has treated permitting actions—such as the mining plan approvals at issue in this case—as adjudicative because they settle the rights of private parties. *See Diné Citizens Against Ruining Our Environment v. Klein*, 439 Fed. Appx. 679, 681 n.6, 682 (10th Cir. 2011) (finding that "the administrative-remand rule is most appropriate when the action at issue is adjudicative or quasi-adjudicative" and holding that approval of a mining plan was adjudicative)); *see also W. Energy Alliance*, 709 F.3d at 1049 (finding a Bureau of Land Management leasing decision was more quasi-adjudicative than legislative).

This Court has applied the administrative-remand rule where two conditions are met: (1) the district court has mandated a new decision-making process, and (2) the aggrieved party will have a full opportunity to challenge the outcome of that process. *See Diné Citizens*, 439 Fed. Appx. at 681-82; *Kempthorne*, 525 F.3d at 967, 970; *Trout Unlimited*, 441 F.3d at 1218, 1219. Where both conditions are met, the remand rule promotes judicial efficiency without compromising an injured party's right to obtain judicial review of its claims. *See Diné Citizens*, 439 Fed. Appx. at 682. Both conditions are met in this case.

First, the district court must mandate a new decision-making process before the agency. *Compare Diné Citizens*, 439 Fed. Appx. at 683 (applying the administrative-remand rule where the district court sent the case back to the agency for "further proceedings"), *with New Mexico*, 565 F.3d at 698 (not applying remand rule where the district court "did not require BLM to recommence a proceeding, or indeed to take any action at all"). Here, the district court mandated that OSM undertake a new decision-making process. The court ordered OSM to do an analysis of environmental impacts for the Colowyo mining plan revision that complied with the National Environmental Policy Act ("NEPA") within 120 days of the district's court's order. May 8, 2015 Final Judgment at 2-3. The district court reserved the right to vacate OSM's approval of the Colowyo mining plan if the agency failed to comply with the court's 120-day time frame for completion of the

4

new decision-making process. *Id*. Because the district court "instruct[ed] the agency to conduct further proceedings," the Court of Appeals "cannot review the matter until the agency acts and the parties return to court." *New Mexico*, 565 F.3d at 697.

Second, for the administrative-remand rule to apply, the aggrieved party must have the opportunity to challenge the agency's new decision and raise all pertinent legal claims once the process is complete. *See Diné Citizens*, 439 Fed. Appx. at 682 (applying remand rule where mining company was "not foreclosed from re-raising (if necessary) its current issues in later proceedings or attacking any adverse decision resulting from remand"); *W. Energy Alliance*, 709 F.3d at 1051 (applying remand rule where appellants could challenge BLM's oil and gas leasing decision on remand in a subsequent proceeding); *Trout Unlimited*, 441 F.3d at 1219 (applying remand rule where aggrieved party could "pursue administrative remedies and, if necessary, seek review in the district and appellate courts"). That is the case here. OSM's final decisions with respect to the remanded mining plan approvals for Colowyo and Trapper will be appealable final agency actions. Colowyo and Trapper are free to challenge these final decisions in the district court.[3]

---

[3] Moreover, *Diné Citizens* is directly on point on this issue. There, the district court vacated and remanded OSM's approval of a similar permit revision at the Navajo Mine. *Id.* at 680. As here, the Mine appealed, but OSM did not. *Id.* Applying the

### B.     No Exception to the Administrative-Remand Rule Applies to Either Appeal.

This Court has recognized limited exceptions to the administrative-remand rule, none of which apply to either of the instant appeals. The "practical finality" exception recognizes that jurisdiction may be appropriate where the issues presented are both "urgent" and "important." *Bender*, 744 F.2d at 1427. The central concern of that analysis is whether an "agency likely would be foreclosed from future appellate review." *W. Energy Alliance*, 709 F.3d at 1050 (quotation omitted). As discussed above, this is not the case for either of the instant appeals. Moreover, proceedings on remand are being expedited in light of the district court's imposition of a 120-day time frame on OSM to complete new NEPA analysis on remand. Thus, there is no urgent issue or risk of injustice that would warrant invocation of the rarely employed and "narrowly construed" practical finality exception to the administrative-remand rule. *Id*.

The exception to the administrative-remand rule for agency appeals also does not apply to the instant appeals. This Court has allowed federal agencies to appeal remands because the agency may be precluded from challenging their own

---

administrative-remand rule, this Court dismissed the Mine's appeal. *Id.* at 681-83. The Court reasoned: "[B]NCC is not foreclosed from re-raising (if necessary) its current issues in later proceedings or attacking any adverse decision resulting from remand." *Id.* So too here. If OSM's decision on remand is "not satisfactory," Colowyo and Trapper "can pursue administrative remedies and, if necessary, seek review in the district and appellate courts at a later stage in the proceedings." *Trout Unlimited*, 441 F.3d at 1219.

final decisions after remand. *See Baca-Prieto v. Guigni*, 95 F.3d 1006, 1008-09 (10th Cir. 1996); *see also Miami Tribe of Oklahoma v. U.S.*, 656 F.3d 1129, 1138-39 (10th Cir. 2011); *Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 330 (D.C. Cir. 1989) (recognizing application of remand rule was not appropriate "where the agency to which the case is remanded seeks to appeal and it would have no opportunity to appeal after the proceedings on remand"). Federal Defendants in this case have not appealed the district court's order, therefore this exception to the remand rule cannot apply here.

## II.     Trapper's July 1, 2015 Pleading

On July 1, 2015 Trapper filed a Notice of Correction of Statement of Law and Fact in the district court withdrawing Trapper's mootness defense that the mine had pressed in briefing and at oral argument. Trapper's mootness argument was based on its understanding that 96 percent of the coal approved under the challenged mining plan had been mined, and the remaining four percent would not be mined or would be mined as part of a future permit and mine plan approval. Upon reevaluation, Trapper realized that those percentages were associated with a particular permit area (referred to as "PR-6" in Trapper's Notice), and that the challenged mining plan also approved mining of coal in an additional permit area ("PR-7"). Therefore, all of the coal had not yet been mined from the areas encompassed by the challenged decisions.

In its Order, the district court held that the mining plan approvals for both Colowyo and Trapper were unlawful because OSM failed to comply with NEPA. May 8, 2015 Final Judgment at 2. However, the district court did not order vacatur of the mining plan for Trapper based on Trapper's representation that any remaining coal would not be mined until a future permit and mine plan was approved. May 8, 2015 Order at 30 ¶ 2. Trapper was in the process of seeking a permit from the state to begin mining in PR-7, but recognized that the new permit area was included in the now-unlawful mining plan approval and reported this information to the district court. Trapper, Federal Defendants, and WildEarth Guardians have been in discussions to reach a resolution as to the appropriate remedy with respect to the mining plan approval for Trapper, and provided the district court with a status report as to those negotiations on July 15. The parties are planning to provide the district court with a status report on July 22 informing the court as to whether the parties have reached an agreement as to remedy and, if so, the details of the proposed remedy. The district court has not responded to Trapper's notice or the status report.

## CONCLUSION

For foregoing reasons, the Court should dismiss both appeals for lack of appellate jurisdiction.

Respectfully submitted July 17, 2015.

/s/ Samantha Ruscavage-Barz
NM Bar. No. 23276
WildEarth Guardians
516 Alto St.
Santa Fe, NM 87501
(505) 401-4180
sruscavagebarz@wildearthguardians.org

*Counsel for Appellee WildEarth Guardians*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing RESPONSE was served on all counsel of record by the Court's ECF system on July 17, 2015.

## CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTIONS

I hereby certify that a copy of the foregoing Joint Motion for Consolidation and Extension, as submitted in digital form via the Clerk's ECF system, has been scanned for viruses with the ClamXav Version 2.2.2 virus protection software for Mac and, according to the program, is free of viruses. In addition, I certify all required privacy redactions have been made.

*/s/ Samantha Ruscavage-Barz*
Samantha Ruscavage-Barz
