# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
_____

| | | |
|---|---|---|
| WILDEARTH GUARDIANS, | ) | |
| | ) | |
|    Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | Case No. 15-1236 |
| | ) | (D.C. No. 1:13-CV-00518-RBJ) |
| UNITED STATES OFFICE OF | ) | (D. Colo.) |
| RECLAMATION AND | ) | |
| ENFORCEMENT, *et al.,* | ) | |
| | ) | |
|    Defendants, | ) | |
| | ) | |
| TRAPPER MINING INC., | ) | |
| | ) | |
|    Intervenor-Defendant- Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| COLOWYO COAL COMPANY, L.P., | ) | |
| | ) | |
|    Intervenor-Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| WILDEARTH GUARDIANS, | ) | |
| | ) | |
|    Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | Case No. 15-1186 |
| | ) | (D.C. No. 1:13-CV-00518-RBJ) |
| UNITED STATES OFFICE OF | ) | (D. Colo.) |
| RECLAMATION AND | ) | |
| ENFORCEMENT, *et al.,* | ) | |
| | ) | |
|    Defendants, | ) | |
| | ) | |
| COLOWYO COAL COMPANY, L.P., | ) | |

|  | ) |
| Intervenor-Defendant-Appellant, | ) |
|  | ) |
| and | ) |
|  | ) |
| TRAPPER MINING INC., | ) |
|  | ) |
| Intervenor-Defendant. | ) |

## TRAPPER MINING INC.'S RESPONSE BRIEF ON THE ISSUE OF APPELLATE JURISDICTION

In an Order dated July 10, 2015, the Court ordered all parties in the above-captioned consolidated appeals to "file written responses discussing the basis for this court's exercise of appellate jurisdiction at this time over the District Court's May 8, 2015 Order and Final Judgment." Accordingly, Intervenor-Defendant-Appellant Trapper Mining Inc. ("Trapper") respectfully submits this Response Brief and in support of this Court's appellate jurisdiction under 28 U.S.C. § 1291 states as follows:

## I.     INTRODUCTION

This action concerns whether the United States Office of Surface Mining, Reclamation, and Enforcement ("OSMRE"), the Western Regional Director of OSMRE, and the Secretary of the Interior (collectively, the "Federal Defendants") complied with the National Environmental Policy Act ("NEPA") when they approved two mining plan modifications for federal coal mined from the Trapper

Mine and the Colowyo Mine, both surface coal mines near Craig, Colorado.
D. Colo. Order, ECF No. 78 at 1, 5-8 (May 8, 2015). The plaintiff, WildEarth
Guardians ("WildEarth"), claimed that the Federal Defendants failed to comply
with NEPA's "hard look" and public participation requirements when evaluating
the environmental impacts of the mine plan modifications. *Id.* at 1. Both Colowyo
and Trapper intervened as defendants.

On May 8, 2015, Judge R. Brooke Jackson entered an Order and Final
Judgment in favor of WildEarth. D. Colo. ECF Nos. 78 and 79. Specifically, the
District Court declared that the Federal Defendants failed to comply with NEPA
when approving the mine plan modifications for both the Trapper Mine and the
Colowyo Mine. D. Colo. Order, ECF No. 78 at 30. The District Court's
declaratory relief provides:

> The Court declares that OSM violated NEPA by failing
> to notify the public of and involve the public in the
> preparation of the Colowyo and Trapper EAs and by
> failing to notify the public once the EAs had been
> completed and the FONSIs had been issued. OSM also
> violated NEPA by failing to take a hard look at the direct
> and indirect effects of the increased mining operations
> before determining that there would be no significant
> impact on the environment. The Secretary of the Interior
> violated NEPA by approving both of these mining plan
> modifications in spite of these defects.

*Id.* However, with respect to the remedy ordered, the District Court's Order was
specific to each mine. For the Colowyo Mine, the District Court ordered OSMRE

to conduct remedial NEPA analysis consistent with the Court's order within 120 days, otherwise the Colowyo mine plan modification would be "immediately" vacated. *Id.* at 31. For the Trapper Mine, the District Court declined to order new NEPA analysis or impose a conditional vacatur order because the issue was found to be moot. *Id.* at 30.

Since the May 8, 2015 Order and Final Judgment was entered, Trapper filed a corrective pleading on July 1, 2015 withdrawing its affirmative defense of mootness based on facts learned since receipt of the Order. D. Colo. ECF No. 91. The District Court has not taken any action in response to Trapper's corrective pleading.

## II.     ARGUMENT

### A.     Appellate Jurisdiction Exists under 28 U.S.C. § 1291 Because the District Court's May 8, 2015 Order and Judgment are Final.

Pursuant to 28 U.S.C. § 1291, this Court exercises appellate jurisdiction over "all final decisions of the District Courts of the United States." The Tenth Circuit test for determining whether a District Court decision is final is whether the decision "ends the litigation on the merits and leaves nothing for the [district] court to do but execute the judgment." *W. Energy Alliance v. Salazar*, 709 F.3d 1040, 1047 (10th Cir. 2013).

In this case, the District Court's May 8, 2015 decision, announced in its Order and Final Judgment (D.Colo. ECF Nos. 78 and 79), is a "final decision"

subject to appeal.  The District Court's Order decided all merits claims by and against all parties to the litigation, and following issuance of the Order there was no action left for the District Court but to enter the Final Judgment.

In its Amended Complaint, WildEarth sought declaratory relief declaring that the Federal Defendants violated NEPA by approving Colowyo's 2007 mine plan modification and Trapper's 2009 mine plan modification.  WildEarth's Amended Complaint, D. Colo. ECF No. 35 Prayer for Relief at 22 ¶¶ A. and C. Specifically, WildEarth claimed that the Federal Defendants violated NEPA by failing to facilitate public involvement and by failing to take the requisite "hard look" at the direct and indirect air quality effects of mining.  *Id.* at ¶¶ 72-90.  As discussed above, the District Court issued the declaration WildEarth requested. D. Colo. Order, ECF No. 78 at 30 ("The Court declares that OSM violated NEPA by failing to . . . involve the public in the preparation of the Colowyo and Trapper EAs [and] by failing to take a hard look at the direct and indirect effects of the increased mining operations . . . The Secretary of the Interior violated NEPA by approving both of these mining plan modifications in spite of these defects."); *see also* D. Colo. Final Judgment, ECF No. 79 at 2-3.

Further, in WildEarth's Amended Complaint, WildEarth requested that the District Court vacate and remand the mine plan modification decisions and impose an injunction against re-issuance of the mine plan modifications until such time as

Federal Defendants comply with NEPA.  Amended Complaint, D. Colo. ECF No. 35 Prayer for Relief at 22-23 ¶¶ B., D., and E.  The District Court analyzed the merits of WildEarth's requested relief and issued a final decision granting it in part and denying it in part.  D. Colo. Order, ECF No. 78 at 30-31; D. Colo. Final Judgment, ECF No. 79 at 3.  The District Court granted WildEarth's requested relief of additional NEPA analysis as to the Colowyo Mine but denied the requested relief of vacatur on public policy grounds.  *Id.*  As to the Trapper Mine, the District Court denied the requested relief of additional NEPA analysis and vacatur on mootness grounds.  *Id.*

Following the issuance of the Court's May 8, 2015 Order (ECF No. 78), there was nothing for the District Court to do but execute the final judgment, which it did on the same day.  *See* Final Judgment, ECF No. 79.  As demonstrated by the issuance of a "Final Judgment," there were no other merits claims or requested relief left to be addressed or decided by the District Court.  Accordingly, under 28 U.S.C. § 1291 and this Court's precedent, the appealed from decision in this case is a "final judgment" subject to appeal.  *See W. Energy Alliance*, 709 F.3d at 1047.

As discussed in detail below, neither the administrative-remand rule nor Trapper's corrective pleading affect the finality of the District Court's decision or this Court's ability to exercise appellate jurisdiction at this time.

6

### B.     The Administrative-Remand Rule Does Not Apply.

This Court's July 10, 2015 Order requests that the parties address the applicability of the administrative-remand rule.  The Tenth Circuit's administrative-remand rule generally provides that a District Court's order remanding an action to an administrative agency for further proceedings is ordinarily not appealable because it is not a final decision.  *W. Energy Alliance*, 709 F.3d at 1047.

This Court's July 10 Order indicates a question as to the effect of the relief granted by the District Court with respect to the Colowyo Mine.  *See* July 10, 2015 Order at 3 (quoting relief granted against Colowyo).  For the Colowyo Mine, the District Court issued a conditional vacatur order that would become effective immediately if OSMRE did not fully complete its obligations under NEPA as outlined in the District Court's Order.  *Id.*; *see also* D. Colo. Final Judgment, ECF No. 97 at 2-3.  Trapper defers to Colowyo to address in its Response Brief the effect of the District Court's Order on Colowyo's appeal.

However, because the District Court did not issue a similar order for the Trapper Mine, the administrative-remand rule does not apply to Trapper.  Even if the District Court had issued a directive for new NEPA analysis or a conditional vacatur order for the Trapper Mine, the administrative-remand rule would still not apply.  As a general matter, the Tenth Circuit has "often treated District Court

orders requiring further agency action under NEPA as final and reviewable[.]"

*New Mexico ex rel. Richardson v. Bureau of Land Mgmt*., 565 F.3d 683, 699 (10th

Cir. 2009) (citing *Middle Rio Grande Conservancy Dist. v. Norton*, 294 F.3d 1220,

1225 (10th Cir. 2002); *Sierra Club v. Hodel*, 848 F.2d 1068, 1074 (10th Cir.1988),

*overruled on other grounds by Vill. of Los Ranchos De Albuquerque v. Marsh*, 956

F.2d 970, 973 (10th Cir. 1992) (*en banc*)).

      Further, under the Tenth Circuit's administrative-remand rule, which focuses

on "the nature of the agency action," the District Court's Order is not the type of

order "typically" considered a remand order subject to the administrative-remand

rule. *W. Energy Alliance*, 709 F.3d at 1048-49. The Tenth Circuit has "noted that

typically, a 'remand' from a district court to an agency occurs when an agency has

acted in an adjudicative capacity[.]" *Id.* (quoting *Richardson*, 565 F.3d at 697)

(internal brackets omitted); *see also Richardson*, 565 F.3d at 698 ("our precedent

indicates that we view the remand rule as most appropriate in adjudicative

contexts."). However, in this case, OSMRE did not act in an adjudicatory

capacity. Instead, OSMRE's review and approval of the Trapper 2009 mine plan

modification was a "nonadversarial action such as a grant of a license." *W. Energy

Alliance*, 709 F.3d at 1048-49. Accordingly, the administrative-remand rule is not

appropriate.

In addition, the circumstances in Trapper's case warrant an exception to the administrative-remand rule. The Tenth Circuit supports application of the "practical finality" rule to uphold jurisdiction under 28 U.S.C. § 1291 when "it is clearly urgent that an important issue . . . be decided." *Id.* at 1049. Under the "practical finality" rule, the Court employs a two-pronged test: the issue must be "important" and it must be "urgent." *Id.* (quoting *Trout Unlimited v. U.S. Dep't of Agric.*, 441 F.3d 1214, 1218 (10th Cir. 2006)). If the test is met, the Court then applies "a balancing approach" under which "[t]he critical inquiry . . . is whether the danger of injustice by delaying appellate review outweighs the inconvenience and costs of piecemeal review." *Id.*

Injustice may arise when the availability of future appellate review would be foreclosed. *Id.* Specifically, the Tenth Circuit will "review orders to remand a matter to an administrative agency when it is necessary to ensure that [the Court] can review important legal questions which a remand may make effectively unreviewable, because administrative agencies may be barred from seeking District Court (and thus circuit court) review of their own administrative decisions." *Id.*

That is the situation here. Had the District Court issued a directive for further NEPA review or a conditional vacatur order for the Trapper Mine, similar to the order for the Colowyo Mine, OSMRE would be immediately required to

comply with the District Court's order to perform additional NEPA analysis consistent with the District Court's order. OSMRE's immediacy of action would be required to ensure that the Trapper mine plan modification is not vacated and consequently the Trapper Mine shut down. Similarly, Trapper would become immediately obligated to expend considerable time and resources to facilitate the NEPA analysis to ensure that the Trapper Mine could continue to operate and that the Mine's 185 employees could keep their jobs. In short, because of the grave consequences of vacatur, the Federal Defendants and Trapper would be forced to begin NEPA analysis consistent with the District Court's Order even if valid, appealable issues exist that may warrant reversal by this Court.

Following completion of the ordered NEPA analysis, OSMRE "may be barred from seeking District Court (and thus circuit court) review of [its] own administrative decision[.]" *W. Energy Alliance*, 709 F.3d at 1049. And it would be procedurally bizarre and a waste of resources for Trapper to appeal and challenge its own NEPA documents—which Trapper would have expended considerable resources to facilitate—in order to argue that the NEPA analysis was not warranted in the first place. In sum, appellate review of the District Court's decision, at this time, is the only opportunity for this Court to decide whether the District Court's order goes beyond the mandates of NEPA.

In addition, the validity of the District Court's declaration that Trapper's 2009 mine plan modification was approved by OSMRE in violation of NEPA is an "important" and "urgent" issue warranting immediate review by this Court. As described in Trapper's corrective pleading, its current and proposed mining activities are in fact covered by the authorization granted in the 2009 mine plan modification. D. Colo. ECF No. 91 at 3. As such, Trapper's only Federal mining authorization has been declared to violate NEPA. Because Trapper must have valid, Federal approval under the Surface Mining Reclamation and Control Act of 1977, 30 U.S.C. § 1201, *et seq*., to continue to mine Federal coal, it is important and urgent for Trapper to seek appellate review of the District Court's declaratory relief.

In Trapper's case, "the danger of injustice by delaying appellate review outweighs the inconvenience and costs of piecemeal review." *W. Energy Alliance*, 709 F.3d at 1049.

### C.     Trapper's July 1, 2015 Corrective Pleading Does not Defeat Jurisdiction.

Trapper's July 1, 2015 corrective pleading, which formally withdrew Trapper's affirmative defense of mootness, does not defeat jurisdiction in this Court at this time because it did not change the finality of the District Court's decision under the "practical finality" rule. Trapper's withdrawal of the mootness argument did not change the District Court's decision on the merits—that

OSMRE's 2009 mine plan approval for the Trapper Mine violated NEPA. This declaratory relief remains a final decision with real and immediate consequences to the Trapper Mine.

Further, as described in Trapper's corrective pleading (ECF No. 91 at 3) and Trapper's Status Report (ECF No. 99), Trapper, OSMRE, and WildEarth Guardians will present a proposed remedy to the District Court by July 25, 2015, which will support new NEPA analysis by OSMRE and continued operation of the Trapper Mine. Trapper is supporting the proposed remedy, without waiving any appeal rights, to ensure that Trapper's 185 employees can stay at work. Immediate appellate review of the District Court's declaratory relief under the "practical finality" rule is "important" and "urgent" because such review could foreclose the need for any remedial action.

## III.   CONCLUSION

Appellate review at this time under 28 U.S.C. § 1291 is proper in Trapper's case.

Respectfully submitted July 17, 2015.

/s/ Paul M. Seby
Paul M. Seby (CO Reg. #27487)
Kristina (Tina) R. Van Bockern (CO Reg. #42283)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80202
Telephone: 303-295-8000

Facsimile:  303-291-9177
PMSeby@hollandhart.com
TRVanBockern@hollandhart.com

**_Attorneys for Appellant Trapper Mining Inc._**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing TRAPPER MINING INC.'S RESPONSE BRIEF ON THE ISSUE OF APPELLATE JURISDICTION was served on all counsel of record by the Court's ECF system on July 17, 2015.

7913906_1